## LYON *versus* SIBLEY.

After evidence has been given by both parties, a nonsuit cannot rightfully be entered.

EXCEPTIONS from the District Court.

Assumpsit to recover the value of a mill log. The plaintiff called a witness, who testified to the plaintiff's ownership of

the log, and that it was used in 1849, as one of the boom-sticks of which the defendant's boom was made, that the defendant had occupied and used the boom for the years, 1847, 8 and 9, and that he, the witness, had paid to the defendant boomage for logs secured in that boom within those years.

The defendant called a witness, who testified, *that* he and one French built the boom in the spring of 1849, where a boom had previously been; *that* they used the plaintiff's log, as one of the boom sticks; *that*, after a month or two, they sold the upper part of the boom, including the plaintiff's log, to one Ward, who occupied the boom the rest of that season.

On cross-examination, he stated that Ward and the defendant were co-partners and worked together before the sale to Ward; that, after that sale, they worked together upon the part of the boom so sold to Ward, and that they each paid one half of the price.

The Judge ordered a nonsuit, and the plaintiff excepted.

*H. W. Paine*, for the plaintiff, contended, that the testimony of the plaintiff's witness made a sufficient case to go to the jury.

*Vose*, for the defendant.

The form of the action is misconceived; it should have been in trover or trespass. No promise to pay can possibly be implied. And the tort is of a character which cannot be waived. The nonsuit was therefore properly ordered. 5 Pick. 285.

TENNEY, J., orally. — It is the right of a Judge to order a nonsuit after the plaintiff's testimony shall have all been given, if he deem it incompetent to maintain the suit. Such a proceeding would, of course, be subject to the plaintiff's right of excepting.

But can a nonsuit be entered after the defendant has been allowed to introduce evidence? So far as we know, this question is now, *for the first time*, presented to the full court

for decision.   We think, in that stage of the case, a nonsuit cannot be ordered, not even if the Judge should consider the plaintiff's evidence insufficient.   The plaintiff's case might derive aid from the defendant's testimony.   The defendant might put interrogatories to a witness, which the plaintiff could not.   After evidence on both sides, the defendant has a right to insist that a verdict be rendered.   Of the effect of the evidence in this case, we form no opinion.   Our decision is based solely upon that principle, which secures to the court and to the jury their respective provinces.

*Exceptions sustained.*